No. 40,212

LUTHER E. LACEY et al., *Appellees,* v. CITY OF WICHITA, a Municipal Corporation and C. C. ELLIS, City Clerk of the City of Wichita, *Appellants.*

(304 P. 2d 558)

Opinion filed December 8, 1956.

*Robert B. Morton,* and *Eugene L. Pirtle,* both of Wichita, argued the cause, and *Fred W. Aley,* and *William P. Timmerman,* both of Wichita, were with him on the briefs for the appellants.

*Harold Irwin,* of Wichita, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to enjoin the clerk of the City of Wichita from certifying a special assessment for the cost of construction of a sanitary sewer. From a judgment in favor of the plaintiffs, defendants appeal.

The petition alleged, in pertinent part, that plaintiffs were property owners and taxpayers within the described benefit district,

which area had been for a period of time connected to sub-main No. 1 of the sanitary sewer of the city, and that plaintiffs had paid taxes and assessments for the construction and maintenance of sub-main No. 1; that the board of commissioners of the city adopted an ordinance declaring it necessary to acquire certain lands for the purpose of constructing a sewer system to be known as sub-main No. 2, and establishing a benefit district for the sewer.

Following the passage of the ordinance, the city assessed the cost of condemnation proceedings against the benefit district created by the ordinance. The petition further alleged that plaintiffs' property included in the area is not now being served and cannot practicably be served by sub-main No. 2; that the sub-main was constructed for the sole purpose of furnishing sewage service to other areas within the benefit district, and that plaintiffs would receive no benefit therefrom; that the attempt of the city to include their property in such benefit district and assess their property for the costs was illegal and void. Plaintiffs' properties had already paid for proportional cost of the construction of a main sewer, and their inclusion in the benefit district was in violation of G. S. 1949, 13-1013. Plaintiffs prayed judgment declaring the ordinance unreasonable and void; that the assessments imposed on their property be held unlawful; that the city clerk be enjoined from certifying the assessments to the county clerk to be placed upon the tax rolls.

Defendants' answer alleged that the ordinances were duly passed providing for the condemnation of certain land to be used for the construction of a main sewer commonly known as Dry Creek Sub-Main No. 2, and to create a benefit district for the construction of the second sewer necessary in the area, and that plaintiffs received a benefit from the sewer constructed, since it was necessary to build a new main sewer in the same area to stop overloading the original Dry Creek sub-main sewer; that the new sewer stopped the overloading of such sewer, which overloading had caused sewer covers to blow off and raw sewage to run down Dry Creek.

The answer further alleged that plaintiffs never paid any costs of the main or sub-main sewer serving the area; that if it was necessary to have two sewers in the same area rather than the reconstruction of one sewer, which would be more costly, the city had the legal right and duty to determine what was the best and most economical. In this case, it decided to build a second sub-main sewer in the same area, which directly and indirecty served and benefited all people in the area, including plaintiffs.

On the issues thus joined, the case proceeded to trial. Plaintiffs offered no evidence to support their petition other than a stipulation of facts entered into by the parties, wherein it was agreed that plaintiffs were owners of land within the benefit district described in the petition; that the area in red on the map, Exhibit 1, showed the benefit district created by ordinance under which costs of construction of Dry Creek Sub-Main No. 2 were assessed, including among other lands, the plaintiffs' property. The green area shown in Exhibit 1 represented the benefit district established by ordinance of the city for costs of the original Dry Creek Sub-Main No. 1, and from which district those costs were assessed and paid. Plaintiffs' land is now connected with lateral sewer system to Dry Creek Sub-Main No. 1, but is not now and never has been physically connected by lateral system, or otherwise, to the newly constructed Dry Creek Sub-Main No. 2; that Exhibit 2, indicated by a blue line, the location of Sub-Main No. 1, and the green line indicated the location of Sub-Main No. 2; that Exhibit A is a map showing the location of Sub-Main No. 1, the existing sewer line serving plaintiffs' area prior to the construction of Sub-Main No. 2. Defendants interposed a demurrer to the evidence, which was overruled by the court, and from this ruling defendants specify error.

Is plaintiffs' evidence, giving it the benefit of all inferences, sufficient to sustain its case as against defendants' demurrer?

Plaintiffs make no contention that the defendant city did not comply with the provisions of G. S. 1949, 13-1013, in establishing the benefit district Sub-Main No. 2. They seek to come within the proviso contained in Section 13-1013, which reads:

". . . no property which has paid its full proportion for a main sewer shall be transferred to any other main sewer district and made liable for the construction of a main sewer therein, nor shall any property which has paid its full proportion for a lateral sewer be transferred to any other lateral sewer district and made liable for the construction of a lateral sewer therein . . ."

Plaintiffs contend, first, that they were connected with sub-main No. 1, and had paid taxes and assessments for the construction of it, and second, that they would receive no benefit from sub-main No. 2. An examination of plaintiffs' evidence, consisting of the stipulation, reveals that the green area shown in defendants' Exhibit 1 represented the benefit district established by ordinance for costs of sub-main No. 1, from which district the total costs were paid. Plaintiffs' land was not a part of that district and, consequently, they paid none of the costs, although they were subsequently connected

to that sewer. As to the second contention, there is no evidence or inferences that plaintiffs' land will not be benefited by construction of sub-main No. 2.

In order that plaintiffs bring themselves within the protection of G. S. 1949, 13-1013, it was necessary for them to show that they had shared the costs of sub-main No. 1, to which they were subsequently connected, or that they received no benefit from sub-main No. 2, in which benefit district their property was included, and having failed to produce any such evidence, and defendants' evidence having failed to supply such deficiency, there was but one alternative and that was for the trial court to sustain the demurrer to plaintiffs' evidence. In view of what has been said, the judgment of the trial court is reversed with directions to sustain defendants' demurrer to plaintiffs' evidence.

It is so ordered.